02-12-516CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00516-CR

 

 


 
 
 Ex
 parte Dwight Ervine Brown
  
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 158th District
 Court
  
 of
 Denton County (F-90-578-B)
  
 December
 21, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00515-CR

NO. 02-12-00516-CR

NO. 02-12-00517-CR

NO. 02-12-00518-CR

 

 


 
 
 Ex parte Dwight Ervine Brown
 
 
  
 
 
  
 
 


 

----------

FROM THE 158th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Dwight Ervine Brown pleaded guilty pursuant to a plea bargain to the felony
offenses of burglary of a habitation, aggravated robbery, and two counts of aggravated
sexual assault.  He subsequently filed an application for writ of habeas corpus
in the trial court “seeking to obtain a copy of his complete trial records
without cost.”  The district clerk returned the application to Brown because it
did not comply with rule of appellate procedure 73.1.  See Tex. R. App.
P. 73.1 (requiring use of specific form for application for post-conviction
habeas corpus relief from felony case).  In his notice of appeal, Brown stated
that he considered the application denied by operation of law.

          As
one of our sister courts recently observed,

          This court has jurisdiction over criminal
appeals only when expressly granted by law.  No statute vests this court with
jurisdiction over an appeal from an order denying a request for a free copy of
the trial record when such a request is not presented in conjunction with a
timely filed direct appeal.  Furthermore, an intermediate court of appeals has
no jurisdiction over post-conviction writs of habeas corpus in felony cases.

Williamson
v. State, Nos. 10-12-00146-CR, 10-12-00147-CR, 10-12-00148-CR,
10-12-00149-CR, 2012 WL 2353684, at *1 (Tex. App.—Waco June 13, 2012, no
pet.) (mem. op., not designated for publication) (citations omitted).

          On
October 29, 2012, we notified Brown of our concern that this court lacked
jurisdiction over these appeals, and we informed him that unless he or any
party desiring to continue the appeals filed with the court, on or before
November 19, 2012, a response showing grounds for continuing the appeals,
the appeals would be dismissed for want of jurisdiction.  See Tex. R.
App. P. 44.3.  We have received no response.  Accordingly, we dismiss these
appeals for want of jurisdiction.  See Tex. R. App. P. 43.2(f).

 

PER CURIAM

 

PANEL: 
MEIER, J.;
LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 21, 2012









[1]See Tex. R. App. P. 47.4.